Curia, per

O’Neall, J.
In this case, the limitation of time within which the work was to be performed, was not insisted on by the defendant, at the moment of its expiration, he suffered the plaintiff to continue digging the well for nearly two months afterwards. This was a waiver of the limitation. So too, when the plaintiff was about leaving the work on account of sickness, and told the defendant he claimed and considered it as his job, the defendant said to him go on and finish it. This was as much as to say, true, you may do the work and have your compensation, notwithstanding the time within which it ivas to be done has long since passed. But the defendant contends that notwithstanding this was so, that yet, as the plaintiff did not *150 then go on and do the work, he is not bound to pay. To this, the reply is most satisfactory. The plaintiff was then sick, and so continued until he returned and offered to do the work. The act of God never prejudices any one. The plaintiff’s sickness would alone deprive him of the entire benefit of his contract, so as to prevent him from claiming the entire price; an apportionment is, however, always made under such circumstances. The defendant had the benefit of the plaintiff’s services, his work will diminish pro tanto, the amount the defendant may have to pay for finishing the well. Under all the circumstances of the case, the decree of the circuit Judge is regarded as quite favorable enough to the defendant. If any one ought to complain, the plaintiff might, with more propriety, than the defendant. The motion is dismissed.
Richardson, Evans, Butler, and Wardlaw, JJ. concurred.